**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ALBERT VERNON ROBERTSON** | : | **DOCKET NO. 18-cv-1219** |
| **DOC # 241116** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WARDEN COLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

<u>**MEMORANDUM ORDER**</u>

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Albert Vernon Robertson, who is proceeding *pro se* and *in forma pauperis* in this matter. Robertson is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Dixon Correctional Center in Jackson, Louisiana. His complaint relates to events that occurred while he was incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana.

**I.**
**BACKGROUND**

Robertson alleges that he received inadequate medical care from certain personnel at Allen Correctional Facility (Nurse West, Nurse Poullard, and Nurse Hilda) when they refused him attention for a high fever over the course of four emergency sick calls on or about August 7, 2017, and falsely recorded that fever as being only low-grade. Doc. 1, pp. 2–3. As a result Robertson reports that he was admitted to a hospital with sepsis for four days and was told by the ambulance driver that he had almost died. *Id.* He now files suit against the above-named medical staff, as well

as ALC Warden Coley [*sic*], under 42 U.S.C. § 1983, seeking compensatory damages and injunctive relief in the form of termination of the three nurses.

## II.
### LAW & ANALYSIS

### A. *Frivolity Review*

Robertson has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

## C.  Theories of the Complaint

It appears that Robertson is attempting to raise claims based on a violation of his rights under the Eighth Amendment's prohibition on cruel and unusual punishment through denial of adequate medical care. His claims relating to the violations alleged against the nurses and his request for compensatory damages are adequately asserted. However, more detail is needed in order for the court to determine if he should be allowed to proceed against the warden and his request for injunctive relief fails to state a claim on which relief may be granted.

### 1.  Supervisory liability

Under § 1983, supervisory officials may only be held liable if (1) they were personally involved in the act causing the alleged constitutional deprivation, (2) they failed to train or supervise the officials directly involved in circumstances amounting to deliberate indifference to the plaintiff's rights, or (3) they implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*, 500 Fed. App'x 309, 314 (5th Cir. 2012); s*ee also Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002).

Here Robertson alleges generally that ALC was mismanaged, that budget cuts were in effect, and that no doctor or nurse practitioner was present for weeks. Doc. 1, p. 3. He does not demonstrate a connection between these actions and the nurses' alleged mismanagement of his sick calls, or that the warden was personally involved in the above allegations. Accordingly, he should amend his complaint to show a basis for supervisory liability or dismiss claims asserted against the warden.

### 2.  Injunctive relief

As part of his requested relief, Robertson also seeks to have defendant-ALC employees fired. "[F]ederal courts are not personnel directors of state prison systems, and such relief is

unattainable in [a § 1983] action." *Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638 at *2 (N.D. Tex. Nov. 4, 2009) (citing *Maxton v. Johnson*, 488 F.Supp. 1030, 1032 n. 2 (D.S.C. 1980)). Additionally, Robertson is no longer housed at ALC. It is well settled that a prisoner's claims for injunctive relief are generally rendered moot upon his transfer from that facility unless he can show a more than speculative possibility that he will be returned. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Accordingly, any other form of injunctive relief that Robertson might request relating to ALC personnel would be inappropriate. Robertson should dismiss this request for relief.

## III.
### CONCLUSION

Robertson's pro se complaint is deficient as described above. Before this court can determine the proper disposition of his claims, he should be given the opportunity to remedy the deficiencies or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Robertson at his last address on file.

**IT IS ORDERED** that Robertson amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Robertson is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 20th day of September, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE