UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALBERT VERNON ROBERTSON** | : | **DOCKET NO. 2:18-cv-1219** |
| D.O.C. # 241116 | | **SECTION P** |
| | | |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| | | |
| **WARDEN COLEY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court are cross-Motions for Summary Judgment [doc. 22, 24] filed by defendants, Romana Poullard and Hilda Campbell, and the plaintiff, Albert Robertson, now ripe for review.

The motions for summary judgment have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below **IT IS RECOMMENDED** that the plaintiff's motion for summary judgment [doc. 24] be **DENIED**, the defendant's motion for summary judgment [doc. 22] be **GRANTED** and that claims against Romana Poullard and Hilda Campbell be **DISMISSED WITH PREJUDICE.**

I.
BACKGROUND

Robertson is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at Dixon Correctional Center in Jackson, Louisiana. His complaint concerns events that occurred while he was incarcerated at Allen Correctional Center ("ACC").

On August 6, 2017, plaintiff requested an emergency sick call and was seen and evaluated by Nurse Romana Poullard. *See* Affidavit of Romana Poullard, Doc. 22, att. 2, p. 2, ¶¶ V, VI; *see also* Medical Records, Doc. 22, att. 2, pp. 5-6. Nurse Poullard, following Geo's correctional healthcare service nursing assessment protocol, obtained plaintiff's vital signs and administered medication in response to his complaints of diarrhea, nausea, vomiting and a soft abdomen. *Id.* The medical records reveal that his temperature was 98.3 degrees Fahrenheit and his blood pressure was 134/88. *Id.* Plaintiff believed he may be suffering from food poisoning. *Id.* He was instructed to take the medication prescribed, Pepto bismuth, and stay on a clear liquid diet for 24 hours. *Id.*

The following day, August 7, 2017, plaintiff was seen by Nurse Hilda Campbell for another emergency sick call request. Doc. 22, att. 4, pp. 10-11. He again complained of food poisoning, and that his prostate and back hurt. *Id.* Again, the nursing protocol was followed, and Nurse Campbell took his blood pressure, which was 137/91, and his temperature, which read 98.1 degrees Fahrenheit. *Id.* After speaking with the nurse practitioner over the phone, Nurse Campbell administered Flomax and Cipro. *Id.*

Later that day, plaintiff "went into a cold sweat," could not breathe, and called security for assistance. Doc. 24, p. 4. Medical staff came with a stretcher and plaintiff was assessed. Nurse Poullard took Robertson's blood pressure, which read 101/65. It was then taken again, manually, and read 90/54, and his temperature was 101.5 degrees. Doc. 22, att. 4, pp. 3, 12, 13; *see also* Doc. 22, att. 2, p. 2, ¶ VI. Due to his sudden drop in blood pressure and unresponsiveness, and Nurse Poullard's concern that he may be suffering from a heat stroke, 911 was called and plaintiff was transported by ambulance to Lake Charles Memorial Hospital and admitted at 22:15. Doc. 22, att. 2, pp.3-4; Doc. 22, att. 4, pp. 5-7; Doc. 22, att. 2, p. 2, ¶ VI.

Plaintiff filed suit against Nurses Poullard and Campbell, as well as ACC, Warden Coley [sic][1] and Nurse West[2], under 42 U.S.C. § 1983, seeking compensatory damages and injunctive relief in the form of termination of the nurses.

## II.
### LEGAL STANDARDS

#### A. *Summary Judgment*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.

---

[1] Plaintiff's claim for injunctive relief was dismissed, as were defendants Warden Coley and Allen Correctional Center, on October 30, 2018. Doc. 10.
[2] Plaintiff's claims against Nurse West are being addressed separately.

*Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

### B. 42 U.SC. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold defendants liable under 42 U.S.C. § 1983, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins,* 108 S.Ct. 2250, 2254–55 (1988).

Here Robertson makes claims of cruel and unusual punishment under the Eighth Amendment to the United States Constitution, pursuant to an alleged failure of the ACC medical staff, specifically Nurses Romana Poullard and Hilda Campbell, to provide adequate medical care. Defendants Poullard and Campbell argue that plaintiff cannot establish that either of them acted deliberately indifferent toward plaintiff or that his medical care was deficient. Accordingly, we analyze plaintiff's claims under the standards set forth above.

### III.
#### ANALYSIS

Medical care claims asserted by, or on behalf of, convicted prisoners are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 97 S.Ct.

285 (1976). Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *See Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-59 (5th Cir. 2001). Deliberate indifference is an exacting standard — "an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). "[T]he failure to alleviate a significant risk that [the official] should have perceived but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997). "A showing of deliberate indifference requires the prisoner to submit evidence that prison officials 'refused to treat [her], ignored [her] complaints, intentionally treated [her] incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Gobert*, 463 F.3d at 346, *quoting Domino*, 239 F.3d at 756.

In addition, Section 1983 requires a showing of proximate causation, which is evaluated under the common law standard. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) ("The mere delay of medical care can also constitute an Eighth Amendment violation but only "if there has been deliberate indifference [that] results in substantial harm."); *see also Kelly v. Goodwin*, 2013 U.S. Dist. LEXIS 182132, 2014 WL 28803, *3 (W.D. La. 2014) ("In any event, in order to allege a violation of the Eighth Amendment plaintiff must not only demonstrate deliberate

indifference on the part of the defendants, but he must also demonstrate that the deliberate indifference resulted in substantial harm.").

The crux of plaintiff's claim is that the medical care he received on August 6, 2017, and August 7, 2017, was inadequate. He asserts that he should have been brought to the hospital sooner and that his treatment was unprofessional. However, an inmate's medical records may rebut allegations of deliberate indifference. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Here, there is no dispute that Robertson received adequate medical care.

As established by sworn affidavits and medical records, plaintiff was seen three times in a two-day span. His vital signs were monitored, and medication was administered. When his condition took a turn for the worse, he was transported to Lake Charles Memorial Hospital. While plaintiff alleges in his motion that his first sick call was refused, he provides no records or evidence to support this allegation. The fact that plaintiff believes he should have been transported sooner and that his medical treatment was not as good as it should have been, or the exact treatment he wanted, is not a cognizable complaint under the Civil Rights Act. While Plaintiff may have believed he should have received different treatment from the nurses, that belief does not a support a claim for deliberate indifference. *See Baneulos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). (Plaintiff's belief that his medical treatment was not as good as it should have been does not state a claim under § 1983.). Whether the plaintiff received the treatment or accommodation that he feels he should have is not the issue. *Estelle v. Gamble*, 97 S.Ct. 285 (1976); *Woodall v. Foti,* 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).

Plaintiff has not alleged any facts or pointed to any evidence to establish that defendants knew of and disregarded a risk to his health, intentionally treated him wrong, refused to treat him or that the defendants from the facts could have drawn an inference that serious risk of harm existed. Plaintiff's allegations concerning the level of care he received are not sufficient to raise a genuine issue of material fact on whether he was treated with deliberate indifference and they do not articulate a violation of the Eighth Amendment. Because plaintiff fails to establish that relief is available under § 1983, defendants are entitled to summary judgment in their favor.

Moreover, plaintiff has failed to meet the burden to support his Motion for Summary Judgment with any evidence or establish that defendants acted with a deliberate indifference toward plaintiff. Therefore, for this reason, and the reasons discussed above, his Motion for Summary Judgment should be denied.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the defendants' motion for summary judgment [doc. 22] be **GRANTED** and that the action be **DISMISSED WITH PREJUDICE.** It is also **RECOMMENDED** that the plaintiff's motion for summary judgment [doc. 24] be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 23rd day of September, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE