UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALBERT VERNON ROBERTSON** <br> D.O.C. # 241116 | : | **DOCKET NO. 2:18-cv-1219** <br> **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN COLEY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 37] filed by defendant Nurse West, now ripe for review.

The motion for summary judgment has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below **IT IS RECOMMENDED** that the defendant's motion for summary judgment [doc. 37] be **GRANTED** and that claims against Nurse West be **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

Robertson is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at Dixon Correctional Center in Jackson, Louisiana. His complaint concerns events that occurred while he was incarcerated at Allen Correctional Center ("ACC").

Robertson alleges that on August 6, 2017, between seven and eight in the morning, Nurse West refused to see him for an emergency sick call. Doc 1, ¶ IV. However, there is no documentation of a sick call made at this time. *See* Medical Records, *in globo*, doc. 37, att. 3, p.

6 – doc. 37, att. 4, p. 22. Plaintiff contends, and the medical records establish, that later that morning, at approximately 9:00 a.m., he made a sick call and was seen and evaluated by Nurse Romana Poullard. *See* Affidavit of Romana Poullard, Doc. 37, att. 4, pp. 13-14; *see also* Doc. 37, att. 3, p. 4 – att. 4, p. 22.

The following day, August 7, 2017, plaintiff was seen and treated by Nurse Hilda Campbell following another emergency sick call request. Doc. 37, att. 4, pp. 15-16. Later that day, following a sick call, plaintiff was assessed, transported by ambulance to Lake Charles Memorial Hospital, and admitted at 10:15. Doc. 37, att. 3, pp. 6-7, 9-10.

Plaintiff filed suit against Nurses Poullard and Campbell[1], ACC, Warden Coley [sic][2] and Nurse West, under 42 U.S.C. § 1983, seeking compensatory damages and injunctive relief in the form of termination of the nurses.

## II.
### LEGAL STANDARDS

### A. *Summary Judgment*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material

---

[1] Plaintiff's claims against Nurses Poullard and Campbell were addressed previously, and these defendants were dismissed from this suit on October 16, 2019. Doc. 33.
[2] Plaintiff's claim for injunctive relief was dismissed, as were defendants Warden Coley and Allen Correctional Center, on October 30, 2018. Doc. 10.

fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

"A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995) (*quoting Hibernial Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Failure to file an opposition and statement of contested material facts, however, results in the court deeming statements of uncontested material facts admitted for the purposes of the motion. Local Rule 56.2.

### B.  42 U.SC. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is

whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold defendants liable under 42 U.S.C. § 1983, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins,* 108 S.Ct. 2250, 2254–55 (1988).

Here Robertson makes claims of cruel and unusual punishment under the Eighth Amendment to the United States Constitution, pursuant to an alleged failure of the ACC medical staff, including Nurse West, to provide adequate medical care. West argues that any claim against her is unfounded, as she did not evaluate or treat Robertson on the dates in question, nor did she deny him medical care or impede the provision of any care to him. Robertson has filed no response to the motion and his time for doing so has passed.

### III.
#### ANALYSIS

Medical care claims asserted by, or on behalf of, convicted prisoners are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 97 S.Ct. 285 (1976). Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *See Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-59 (5th Cir. 2001). Deliberate indifference is an exacting standard — "an extremely high standard to meet." *Gobert v. Caldwell*,

463 F.3d 339, 346 (5th Cir. 2006). "[T]he failure to alleviate a significant risk that [the official] should have perceived but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997). "A showing of deliberate indifference requires the prisoner to submit evidence that prison officials 'refused to treat [her], ignored [her] complaints, intentionally treated [her] incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Gobert*, 463 F.3d at 346, *quoting Domino*, 239 F.3d at 756.

In addition, Section 1983 requires a showing of proximate causation, which is evaluated under the common law standard. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) ("The mere delay of medical care can also constitute an Eighth Amendment violation but only "if there has been deliberate indifference [that] results in substantial harm."); *see also Kelly v. Goodwin*, 2013 U.S. Dist. LEXIS 182132, 2014 WL 28803, *3 (W.D. La. 2014) ("In any event, in order to allege a violation of the Eighth Amendment plaintiff must not only demonstrate deliberate indifference on the part of the defendants, but he must also demonstrate that the deliberate indifference resulted in substantial harm.").

Robertson's claims against Nurse West arise from her alleged refusal to see him on August 6, 2017. However, an inmate's medical records may rebut allegations of deliberate indifference. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). The medical records, *supra*, establish that the first sick call made on August 6, 2017, was at 9:00 a.m., and plaintiff was seen

and evaluated by Nurse Romana Poullard. Nurse West's sworn statement in her affidavit that she did not evaluate Robertson on August 6 or August 7, nor did she deny him medical care or impede the provision of any care to him, at any time (doc. 37, att. 3, pp. 1-2), belies his unsupported allegation to the contrary. Accordingly, this Court finds that there is no genuine dispute that Nurse West did not deny Robertson medical care.

Plaintiff has provided no factual support, or pointed to any evidence, to establish that Nurse West knew of and disregarded a risk to his health, intentionally treated him wrong, or refused to treat him. Plaintiff's conclusory allegations concerning the level of care he received are not sufficient to raise a genuine issue of material fact with regards to whether he was treated with deliberate indifference and they do not articulate a violation of the Eighth Amendment. Because plaintiff fails to establish that relief is available under § 1983, Nurse West is entitled to summary judgment in her favor.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the defendant's motion for summary judgment [doc. 37] be **GRANTED** and that the action be **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

    THUS DONE this 25th day of March, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE